# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Andrew Fitzwater, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **C.A. No.: N20C-11-069 FJJ** |
| v. | ) | |
| | ) | |
| Affordable Living Solutions, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 1, 2021
Decided: March 9, 2021

## ON DEFENDANT'S MOTION TO DISMISS, AND IN THE ALTERNATIVE, TO DISQUALIFY PLAINTIFF'S COUNSEL - DENIED

## OPINION AND ORDER

*Edward J. Fornias, III,* Law Office of EJ Fornias, P.A.,Wilmington, Delaware, Attorneys for Plaintiff.

*Jeremy J. Riley, Esquire,* McCollom, D'Emilio, Smith, Uebler, LLC, Wilmington, Delaware, Attorneys for Defendant

**Jones, J.**

This action involves a breach of contract claim asserted by Plaintiff Andrew Fitzwater against Defendant Affordable Living Solutions, LLC ("Affordable Living") based on an alleged breach of an addendum to a sales contract for the sale of residential real estate. On April 17, 2018 the parties entered into a sales contract wherein Fitzwater agreed to purchase a home located at 1518 Seton Drive, Wilmington, Delaware, 19809 ("Seton Drive" or the "Property") from Affordable Living. In October of 2016 – over six months before Affordable Living entered into the contract and sold the Property to Fitzwater – New Castle County issued Affordable Living a Violation Notice because a rear deck on the Property had been built without first receiving the necessary permits.

The dispute between the parties in this case concerns an addendum (the "Addendum") to the sales contract, which was signed on June 1, 2019, during the settlement for the Property. The entire Addendum provides:

- Final inspection for deck to take place on 06/04/2018.
- Buyer agrees to give inspector and seller access to property on 06/04/2018 2018.
- Seller agrees to resolve any defect with the deck which is necessary to obtain C of O with New Castle County.[1]

In the Complaint in this matter, Fitzwater alleges that Affordable Living breached the terms of the Addendum and that as a result of this breach, Fitzwater has suffered damages of $16,151.00.

---

[1] Compl. Ex. 4 (Addendum to Sales Contract dated 06-01-2018).

Defendant has moved to dismiss Fitzwater's claim pursuant to Superior Court Civil Rule 12(b)(6), arguing that Fitzwater's claims fail because Fitzwater has not, and cannot, alleged specific facts to support the claim that Defendant breached the agreement. In the alternative, Defendant moves to disqualify Plaintiff's counsel Edward Fornias. According to the Defendant, Fornias will be called upon to provide discovery in this dispute and will be called as a fact witness at trial. For the reasons set forth below Defendant's Motions are **DENIED**.

## STANDARD OF REVIEW

"Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff can recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[2] Under Rule 12(b)(6), the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw and all reasonable inferences in favor of the non-moving party, and (4) [not dismiss the claims] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[3]

"If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[4] The Court must accept as true as well-pleaded allegations for Rule 12(b)(6) purposes.[5] All reasonable factual inferences will be

---

[2] *Vinton v. Grayson,* 189 A.3d 695, 700 (Del. Super. 2018).
[3] *Id.*
[4] *Id.* (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC,* 27 A.3d 531, 535).
[5] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct., August 15, 2011).

drawn in the non-moving party's favor.[6]   If the claimant may recover under that standard, then the Court must deny the motion to dismiss.[7]   This is because "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged, could the complaint state a claim for which relief might be granted."[8]

## **DISCUSSION**

Plaintiff's Complaint in this litigation asserts a cause of action for breach of contract.   To state a claim for breach of contract, a plaintiff must adequately allege "(1) the existence of a contractual obligation, (2) the breach of that contractual obligation, and (3) damages resulting from that breach."[9]

Plaintiff has filed a fairly straightforward 22 paragraph Complaint with attachments.  In the Complaint, Plaintiff alleges:

- Defendant received a Violation Notice for the lack of deck permit on October 7, 2017 (Complaint ¶3);
- The Addendum was signed at closing on June 1, 2018, and required Defendant to resolve all issues with permitting for the deck (Complaint ¶8 and Exhibit 4);
- Defendant took no steps to resolve the deck permit issue and in fact no permit was ever obtained by the Defendant (Complaint ¶11 and Exhibit 1 to the Complaint);
- Plaintiff was forced to hire a contractor to obtain a permit and certificate of occupancy for the deck (Complaint ¶15);

---

[6] *Wilmington Sav. Fund Soc'y, F.S.B. v. Anderson*, 2009 WL 597268, at *2 (Del. Super. Ct. Mar. 9, 2009) (citing *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005)).
[7] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[8] *Hendenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super., August 20, 2004).
[9] *Connelly v. State Farm Mut. Auto. Ins. Co,* 135 A.3d 1271,1279 n 28, (Del. Supr., 2016); *Humanigen, Inc v. Savant Neglected Diseases, LLC.,* 238 A.3d 194, (Del. Super., 2020); *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612, (Del. 2003); *Buck v. Viking Holding Mgmt. Co.,* C.A. No.: 20C-08-249, (Del. Super., February 22, 2021).

- Plaintiff incurred fees in connection with obtaining the deck permit (Complaint ¶20);
- Plaintiff seeks reimbursement from the Defendant for the out of pocket expenses he incurred in connection with obtaining the permit pursuant to the Addendum (Complaint ¶ 22).

In response to the Complaint, Defendant contends that the above allegations are insufficient to state a claim for relief. Defendant claims that "if [Plaintiff] did not fulfill his obligations under the Addendum. . . then [Affordable Living] could not perform its obligations to resolve any defect which were necessary to obtain an occupancy certificate."[10] According to Defendant, under the Addendum, there was a procedure for how the outstanding issues related to the deck were supposed to be handled. The Defendant argues that Plaintiff would have needed to allege that this procedure had been followed in order to avoid dismissal of the Complaint, and that Plaintiff's Complaint fails to do so. Defendant contends that this would have required Plaintiff to allege that:

- Plaintiff was present and allowed the inspector onto the property on June 4 to perform the inspection;
- The inspector denied a certificate of occupancy for the deck as a result of the June 4 inspection;
- Plaintiff timely informed Defendant of the failed inspection and the reasons thereof;
- Plaintiff provided Defendant with the opportunity to remediate any issues with the deck to bring it into compliance; and
- Defendant failed to resolve the defects such that an occupancy certificate could not be granted for the deck.

---

[10] Defendant's Motion To Dismiss, p. 8.

At the Motion to Dismiss stage, I must accept all of the allegations of the Complaint and draw all inferences in favor of the Plaintiff as the non-moving party. In its Reply Brief the defendant contends that since the plaintiff offered facts beyond the complaint in its brief I should apply the standards applicable to a summary judgment standard.[11] To avoid dismissal, all Plaintiff must show is that there is a reasonable set of facts which would entitle him to relief. The allegations pled leads to a conclusion that there is a reasonable set of circumstances under which the Plaintiff may recover. The Plaintiff could prove that the Defendant took no action to all to resolve the outstanding permit for the deck, and that therefore any "procedure" required by the Addendum was never triggered because the Defendant never applied for the deck permit in the first place. In other words, Plaintiff could prove that there was an untriggered condition precedent to any obligations he might have had under the Addendum.[12]

In light of the allegation that there was a contract between the parties that required the defendant "to resolve any defect with the deck which is necessary to obtain C of O with New Castle County" and the allegation that the Plaintiff had to take steps to obtain the permit (Complaint ¶15), Plaintiff has sufficiently plead a

---

[11] I anticipate (and defendant's Reply Brief confirms) that summary judgment motions will follow after the development of a full record. For purposes of the instant Motion to Dismiss, the Court relies only on the complaint and the attachments thereto.

[12] A fully developed record may lead to a conclusion that there was no untriggered condition precedent. At the Motion to Dismiss stage I must accept that such a condition existed. To be clear, the Court is not at this stage deciding whether the procedure Defendant argues is required by the contract is in fact required. Resolution of this issue awaits a more fully developed record.

claim for breach of contract. Accordingly, Defendant's Motion to Dismiss is **DENIED**.[13]

I now turn to the Motion to Disqualify Mr. Fornias. Defendant moves to disqualify Mr. Fornias on the grounds that he will provide discovery in this case and will be a witness at trial. Defendant alleges that Fornias represented both parties at the settlement table, and he proposed and participated in the drafting of the Addendum at issue and, as such, Fornias will be a witness at trial.

The Court has the power to disqualify counsel if continued representation would violate the Delaware Rules of Professional Conduct.[14] But disqualification of counsel is an extreme remedy that should be employed only when necessary to ensure the fairness of the litigation process.[15] And disqualification motions are generally disfavored because they are too often filed for tactical reasons.[16] A motion to disqualify counsel must be grounded on clear and convincing evidence establishing a violation of the Delaware Rules of Professional Conduct.[17] Evidence is clear and convincing when it produces an abiding conviction that the truth of the

---

[13] Defendant argues lack of notice and inability to cure any defect as partial reasons for dismissal. These arguments, might ultimately serve as valid defenses to the breach of contract claim, but they are not defenses that are dispositive at the Motion to Dismiss stage in this case given what has been pled.

[14] *Sun Life Assurance Company of Canada v. Wilmington Savings Fund Society*, 2019 WL 6998156 (Del. Super. 2019).

[15] *Fernandez v. St. Francis* 2009 WL 2393713, at 5 (Del. Super., 2009).

[16] *Acierno v. Haywood*, 2004 1517134 (De. Ch. 2004).

[17] *Dunlap v. State Farm Fire and Casualty Co.,* 2008 WL 2415043 (Del. 2008).

contentions is highly probable.[18] This standard is more exacting than a mere preponderance of the evidence, but less than beyond a reasonable doubt.[19]

Each side has presented a Declaration in support of its position that touches on this issue. The Declarations present vastly different versions of Mr. Fornias' involvement with the addendum at issue and what happened at the settlement table. Given this limited and disputed record, I am not at this early stage of the proceedings, ready to conclude that the Defendant has met its burden of presenting clear and convincing evidence justifying disqualification. I am denying the motion to disqualify at this stage of the proceedings without prejudice. After substantial completion of discovery, which will give the Court and the parties the benefit of a full record, I will reconsider another motion on this point it if is refiled and justified by the record that has been developed.

Defendant's Motion to Dismiss is **DENIED**. Defendant's Motion to Disqualify Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

/S/ Francis J. Jones
Francis J. Jones, Judge

---

[18] *In Re: Bailey*, 821 A.2d 851, 863 (Del. 2003).
[19] *Matter of Rowe*, 566 A.2d 1001,1006 (Del. Jud, 1989).